UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUICARE HEALTH INC.,<br>　　　　Petitioner,<br>　　v.<br>VARIAN MEDICAL SYSTEMS, INC,<br>　　　　Respondent. | Case No. 21-mc-80183-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S AMENDED APPLICATION TO FILE DOCUMENTS UNDER SEAL**<br><br>Re: Dkt. Nos. 20, 23 |

Presently before the Court is Respondent's Amended Application to File Documents Under Seal. ECF No. 23.[1] Respondent seeks to seal Exhibits B, I, and F in support of its Opposition to the Petition to Vacate or Correct Arbitration Award, as well as Exhibits G, M, N, S, T, and U in an earlier application. *Id.* at 1-2; *see also* ECF No. 20. Pursuant to Civil L.R. 79-5(c), a party seeking to seal a document it itself has designated as confidential is required to file a specific statement of the applicable legal standard and the reasons for keeping the documents under seal, including the legitimate private or public interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c)(1). To the extent a party seeks to file a document designated as confidential by another party, the designating party must file the specific statement set forth in Civil L.R. 79-5(c) within seven days of the motion to seal. *See* Civil L.R. 79-5(f)(3). Respondent filed the Declaration of Quyen L. Ta in support of its Amended Application. ECF No. 23-1 ("Ta Decl.").

## I. EXHIBIT B

Respondent first seeks to seal the complete arbitration hearing transcript, labeled as Exhibit B. Respondent asserts that the transcript contains confidential and sensitive information regarding

---

[1] Respondent had filed an earlier Application to File Documents Under Seal that sought sealing of the same general documents. ECF No. 20. The subsequently filed Amended Application purports to amend and correct the previously filed Application. ECF No. 23, at 1. Accordingly, the Court DENIES AS MOOT Respondent's earlier filed Application at ECF No. 20.

Case No.:21-mc-80183-EJD
ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S ADMIN. MOT. TO FILE DOCUMENTS UNDER SEAL

Respondent's termination of certain employees, terms of Respondent's confidential contracts with third parties, and other sensitive non-public information regarding Respondent's business. *See* Ta Decl. ¶ 3.

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted). The U.S. Supreme Court has acknowledged that "sources of business information that might harm a litigant's competitive standing" may constitute a compelling reason to seal certain documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Here, the Court finds that compelling reasons exist to maintain the arbitration hearing transcript under seal. The information and injuries cited by Respondent are the types that warrant sealing as noted by the Supreme Court in *Nixon*. *Id.*

Accordingly, the Court GRANTS Respondent's Application to Seal Exhibit B.

## II.   EXHIBIT I

Respondent also seeks to seal Exhibit I, Ms. Ta's confidential disclosure to AAA in its entirety. Ta Decl. ¶ 4. Respondent had filed an earlier Application to Seal in which it appeared to be requesting to file a redacted version of Exhibit I to remove sensitive and unrelated employment information about a third party to the dispute. ECF No. 20, at 1. Upon amending its Application, Respondent now appears to be seeking to seal Exhibit I in its entirety. ECF No. 23, at 1-2. Under both Applications, Respondent did not file a redacted version or blank page to replace Exhibit I on the public docket, pursuant to Civil L.R. 79-5(d); nor did Respondent provide a statement of the reasons for keeping this entire document under seal pursuant to Civil L.R. 79-5(c)(1).

The Court agrees that there are compelling reasons to seal the portions of Exhibit I pertaining to unrelated employment information of a third party. There is little public interest in

the personal employment history of an unrelated party, and it is conceivable that such information may be used to "gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana*, 447 F.3d at 1178–79 (citing *Nixon*, 435 U.S. at 598).  The Court GRANTS Respondent's Application to Seal as to page 1, lines 9-16 of Exhibit I.

With respect to the remainder of Exhibit I, Respondent has not provided a statement of the reasons for keeping those portions under seal, pursuant to Civil Local Rule 79-5(c)(1).  The Court also does not see any immediately apparent "compelling reason" to justify sealing the remainder of Exhibit I.  The information contained in the rest of Exhibit I is public, quoted in Respondent's briefing unredacted and in full (Opp. 6), and does not appear to implicate any of the concerns cited in *Kamakana* or *Nixon*.  For these reasons, the Court DENIES Respondent's Application to Seal as to the remainder of Exhibit I not otherwise granted above.

### III.  EXHIBITS F, G, M, N, S, T, U

Respondent also seeks to seal Exhibits F, G, M, N, S, T, and U, which it had asserted in the earlier filed Application contained information designated as confidential or highly confidential by Petitioner.  ECF No. 20, at 1.  In its Amended Application, however, Respondent only seeks to seal Exhibit F.  ECF No. 23, at 2.

Pursuant to Civil L.R. 79-5(f) regarding whether another party's materials should be sealed, the party designating the documents as confidential is required to file a specific statement of the reasons for keeping the documents under seal within seven days of the motion's filing.  *See* Civil L.R. 79-5(f)(3), citing Civil L.R. 79-5(c)(1).  To date, no such statement has been filed by Petitioner.  Accordingly, the Court DENIES Respondent's Amended Application to Seal as to the exhibits listed above.

### IV.  CONCLUSION

Should the parties seek to re-file an Administrative Motion to Seal related to any of the exhibits above, the Court reminds the parties of their obligations under Civil L.R. 79-5, including the submission of a specific statement establishing applicable legal standards and reasons for

21-mc-80183-EJD
ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S ADMIN. MOT. TO FILE DOCUMENTS UNDER SEAL

keeping the documents under seal.  *See* Civil L.R. 79-5; *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) (reversing District Court order that without explanation sealed court documents).

Otherwise, Respondent is directed to file a redacted version of Exhibit I consistent with the Court's ruling by **July 8, 2022**.  Respondent may file unredacted versions of Exhibits F, G, M, N, S, T, and U, but the Court will permit withdrawal without consideration of these exhibits should Respondent choose to do so.  In either event, Respondent shall either file the redacted versions or notify the Court of any withdrawal by **July 8, 2022**.

**IT IS SO ORDERED.**

Dated: June 28, 2022

EDWARD J. DAVILA
United States District Judge